IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAN AMERICAN GRAIN, INC.<br>Plaintiff<br>vs<br>ALBERTO DE LA CRUZ, his wife JANE DOE and their community property partnership; PUERTO RICO COFFEE ROASTERS, LLC; BANCO POPULAR DE PUERTO RICO; X,Y,Z COMPANIES; A,B,C CORPORATIONS; JOHN DOE; RICHARD ROE; MARY MAJOR<br>Defendants | CIVIL 12-1154CCC |

**OPINION AND ORDER**

On October 25, 2011, Plaintiff Pan American Grain, Inc. filed suit against defendants Alberto de la Cruz, his wife Jane Doe, the De la Cruz Doe Conjugal Partnership, Puerto Rico Coffee Roasters, LLC, and Banco Popular de Puerto Rico in the Puerto Rico First Instance Court, San Juan Part, requesting damages sustained as a result of defendants interference in a contract executed between plaintiff and Café Yaucono, Inc. pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. § 5141. On December 19, 2011, plaintiff filed an Amended Complaint. On January 26, 2012, the Federal Deposit Insurance Corporation, as receiver for Westernbank Puerto Rico ("FDIC-R") filed a Motion to Substitute Party before the Puerto Rico Court requesting to substitute the FDIC-R for Banco Popular de Puerto Rico as defendant in this action on the basis that, as receiver of Westernbank Puerto Rico it is the proper party to defend the claims brought by plaintiff. On March 6, 2012, the FDIC-R filed a Notice of Removal before this Court (docket entry 1). By that date, the Puerto Rico Court had not yet ruled on the Motion for Substitution. On July 12, 2012, the FDIC-R filed a Motion to Reiterate Pending Motion to Substitute Party (docket entry 12) which was granted on October 26, 2012 (docket entry 18). On April 9, 2012 defendants

CIVIL 12-1154CCC                                              2

Alberto de la Cruz, the Conjugal Legal Partnership with his spouse, and Puerto Rico Coffee Roasters, LLC filed a Motion Submitting Certified English-Language Translation and Copy of Motion to Dismiss in Civil No. 10-2041, which included the certified translation of the Motion to Dismiss that they filed before the Puerto Rico Court prior to the notice of removal and a Motion to Dismiss Pan American Grain, Inc.'s Intervening Complaint they filed in <u>Elliot Giraud-Padró, et al. v. Federal Deposit Insurance Corporation, as Receiver for Westernbank Puerto Rico, et al.</u>, Civil No. 10-2041 (JAG) (docket entry 8, Exhibits 1 and 2).

      Before the Court now is defendants Alberto de la Cruz, the Conjugal Legal Partnership with his spouse, and Puerto Rico Coffee Roasters, LLC's ("Appearing Defendants") Emergency Motion to Dismiss or Stay Based on the First Filed Rule, Deem Unopposed Defendants' Dismissal Request Based on Statute of Limitations (docket entry 8), and Motion to Set Aside the Case Management Order and Stay Litigation filed on July 13, 2012 (**docket entry 13**) which was not opposed by plaintiff Pan American Grain, Inc. ("Plaintiff'). In said motion the Appearing Defendants indicate that plaintiff filed an identical claim against them before this Court by way of an intervening complaint in Civil No. 10-2041 (GAG) before the instant case was removed to this Court (docket entry 13, exhibits 1 and 2), and had a fully briefed motion to dismiss filed by them that is in substance identical to their dismissal request at docket number 8. The Appearing Defendants request the Court to grant their Motion to Dismiss at docket number 8 and/or dismissal based on the first-filed rule. The Appearing Defendants' dismissal request at docket number 8, exhibit 1[1] argues Plaintiff's claim is time barred. We address movants' unopposed dismissal requests at docket number 8 and **docket number 13** based on the statute of limitations grounds.

---

[1]The Appearing Defendants also included as exhibit 2 of their Motion to Dismiss at docket number 8, the Motion to Dismiss they filed in Civil No. 10-2041 (JAG).

CIVIL 12-1154CCC                                    3

I.    **DISMISSAL ON GROUNDS OF STATUTE OF LIMITATIONS**

Pursuant to Article 1868 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5298, tort claims arising under Article 1802 are subject to the one year statute of limitations. Vázquez Vázquez v. Checkpoint Systems of Puerto Rico, Inc., 609 F. Supp. 2d 217, 222 (D.P.R. 2009). This one-year period begins to run the day after the claim accrues, which in turn comes into existence once the person has both notice of the injury and knowledge of the identity of the tortfeasor. Espada v. Lugo, 312 F.3d 1 (1st Cir. 2002). For purposes of the statute of limitations, the plaintiff has the burden of proving when the damage became known. Rodríguez Surís v. Montesinos, 123 F.3d 10 (1st Cir. 1997). Under Puerto Rico's one year statute of limitation for tort actions, "once plaintiff is made aware of facts sufficient to put her on notice that she has a potential tort claim, she must pursue the claim with reasonable diligence, or risk being held to have relinquished her right to pursue it later, after limitation period as run." Id., at 16. This term starts to elapse from the moment in which the injured party can exercise the cause of action, in other words, ever since the victim is aware of the damage and the identity of its author. However, if the ignorance is due to lack of diligence of the injured party, it shall be computed from the time he should have known, through reasonable inquiry. Vera Morales v. Bravo Colón, 161 D.P.R. 308 (2004); Toledo Maldonado v. Cartagena Ortiz, 132 D.P.R. 249 (1992); Colón Prieto v. Géigel, 115 D.P.R. 232, 244-246 (1984). The Supreme Court of Puerto Rico has ruled that actions of tortuous interference arise under Article 1802 of the Civil Code of Puerto Rico. Gen. Office Prods v. A.M. Capen's Sons, 115 D.P.R. 553 (1984), and is subject to the same one year statute of limitations that applies to all other tort claims. Medina & Medina v. Country Pride Foods Ltd., 631 F. Supp. 293, 302 (D.P.R. 1986).

In the instant case, the Amended Complaint sets forth that early 2008, its president José González was approached by the former president of Café Yaucono, Inc., Elliot Giraud, to propose that he make a substantial investment in Café Yaucono, Inc., and that González

CIVIL 12-1154CCC                              4

was very interested in the proposal and immediately confirmed his interest and financial capacity to make the investment.  Plaintiff sustains that in April 2008, it reached an agreement  with Café Yaucono to acquire 60% of the Yaucono coffee business, leaving Giraud with the remaining 40%, and as part of the transaction they agreed to pay off Yaucono's loan debt of thirty one million dollars $31,000,000$^2$ with Westernbank Puerto Rico upon closing of the transaction.  Plaintiff indicates that in late March 2008, González visited the home of defendant Alberto de la Cruz and commented that he had entered negotiations with Mr. Giraud to buy 60% of Café Yaucono, Inc.  Plaintiff also indicates that González and De la Cruz were friends. Plaintiff contends that on April 8, 2008, they presented their partnership to codefendant Westernbank Puerto Rico and requested the debt payoff balance$^3$ but codefendant Westernbank Puerto Rico, in bad faith and with the intention of coercing and interfering in the contract between Plaintiff and Café Yaucono, Inc., refused to accept their check for the balance of the debt of Café Yaucono, Inc.  Plaintiff also contends that through deceit and with the intention of interfering in the contract between Plaintiff and Café Yaucono, Inc. codefendant Westernbank  Puerto Rico forced Giraud to sell 100% of Café Yaucono, Inc. to  defendant Puerto Rico Coffee Roasters, Inc., through its representative defendant De la Cruz who improperly and in bad faith interfered in the relationship between Café Yaucono, Inc. and Plaintiff. Furthermore, in Pan American Grain, Inc. Intervening Complaint in Civil No. 10-2041 (JAG) (docket entry 13, exhibit 1), Plaintiff alleges that [t]he following day, April 9, 2008 – that is, one day after the Bank's refusal to accept the pay off of the loan debt and the expiration date for the payment of the loan – the WBPR, through the decisions and actions taken by co-defendants Stipes and Vidal, agreed to grant to the Giraud-Piñeiro Group a thirty (30) days extension to pay off the loan

---

$^2$The Amended Complaint incorrectly states thirty one thousand dollars $31,000.00.

$^3$Plaintiff indicates that on that date, plaintiff had already issued a check to pay off the debt with codefendant Westernbank Puerto Rico and had given it to Giraud.

CIVIL 12-1154CCC                                5

debt." Plaintiff also alleges that "[O]n or around the time when the thirty (30) days extension granted by the WBPR was to expire, Pan American Grain backed up and decided not to go ahead with the Giraud - Pan American Grain Partnership Contract, as a direct result of the following actions that were caused trough the intervening and/or the concerted conduct of defendants, including Western Bank of Puerto Rico, and the De la Cruz Group . . .".

On the basis of Plaintiff's allegations set forth above, the damages allegedly suffered as a result of the alleged tortuous interference date back to the year 2008, specifically to April 8, 2008. It is clear that on said date the the contract between Plaintiff and Café Yaucono, Inc. reached an abrupt end. It is also clear, that Plaintiff must have known, or at least suspected, by May 8, 2008, of the alleged injuries and economic drawbacks that withdrawing from the contract with Café Yaucono, Inc. would generate, and that plaintiff was aware that defendant De la Cruz improperly and in bad faith interfered in their relationship with Café Yaucono, Inc. when it decided not to go ahead with the partnership contract as a direct result of the actions caused by him. As per Plaintiff's own allegations, at the moment of their withdrawal from the partnership contact, Plaintiff was aware of both the injury and the identity of the tortfeasor, which, for purposes of Puerto Rico's statute of limitation for tort actions, starts the one year period to file a claim. Therefore, it is on May 8, 2008 that the prescriptive period of one year began to elapse to file the corresponding action. Since significantly more than one year elapsed from May 8, 2008 until Plaintiff's claim against the Appearing Defendants on October 25, 2011, it is indisputable that Plaintiff's complaint was untimely filed and time-barred.

II.     **CONCLUSION**

For the reasons stated herein, defendants Alberto De la Cruz, the Conjugal Legal Partnership with his spouse, and the Puerto Rico Coffee Roasters, LLC's Emergency Motion to Dismiss or Stay Based on the First Filed Rule, Deem Unopposed Defendants' Dismissal Request Based on Statute of Limitations (docket entry 8), and Motion to Set Aside the Case

CIVIL 12-1154CCC                                6

Management Order and Stay Litigation (**docket entry 13**) is GRANTED.  Accordingly, the Court will enter Judgment dismissing with prejudice plaintiff Pan American Grain, Inc.'s Amended Complaint (docket entry 1).

    SO ORDERED.

    At San Juan, Puerto Rico, on January 31, 2013.

                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge